## AETNA LIFE INSURANCE CO v BUEHRLE et

Ohio Appeals, 6th Dist, Erie Co

No 372. Decided Sept 24, 1931

Messrs. McKeehan, Merrick, Arter & Stewart, Cleveland, for plaintiff in error.

John F. McCrystal, Sandusky, Marshall E. Wilcox, and B. B. Bridge, Columbus, for defendants in error.

WILLIAMS, J.

The determination of this cause turns upon the construction of provisions in the two policies. The provisions in the State Company policy reads as follows:

"D. If at the time of any accident or loss there be other insurance on the property covered hereby which would attach if this contract had not been written, then, in that event, this contract shall be null and void to the extent of such other insurance."

The provision in the policy of the Aetna company is as follows:

"II. Other insurance. * * * nor shall the assured recover hereunder a larger proportion of any loss or damage * * than the amount hereby insured bears to the total amount of valid and collectible insurance applicable thereto."

With reference to the construction of the provision quoted above from the State company's policy, counsel for the Aetna company state their contention in their brief as follows:

"Obviously this clause was for the purpose of preventing a double recovery in case of property loss or damage and is similar to clauses found in fire insurance policies. There was no other insurance on the property covered by the State company policy and hence the clause. was inoperative."

The property covered by the policy of the State company was the automobile in question, and both insurance policies covered the same automobile against liability for injury to person. We think this contention of counsel for the Aetna company to the effect that there was no other insurance on the property covered by the State policy is not well-founded. Whatever meaning may be given to the word "covered" as used in these policies, the language therein used must be construed to protect the owner against liability resulting from the operation of the automobile therein described.

We feel that the case of **New Jersey Insurance Company vs. Ball, 119 Oh St, 550,** is conclusive of the instant case. It is true that that case involved fire insurance policies. We have been unable to distinguish between the application of the principle announced to fire insurance policies and automobile liability insurance policies, and we are therefore compelled to affirm the judgment upon the authority of this decision of the Supreme Court.

Marguerite Buehrle has filed a cross-petition in error in which she prays that the judgment rendered by the court below be modified and corrected so that judgment shall be rendered by favor of Marguerite Buehrle against all of the defendants, as prayed for in the petition in the court of common pleas. Having reached the conclusions above stated, we are of the opinion that the cross-petition in error should be dismissed.

For the reasons given the judgment will be affirmed.

Judgment affirmed.

LLOYD and RICHARDS, JJ, concur.